COMMERCIAL UNION INSURANCE
COMPANY, et al., Plaintiffs,

v.

CANNELTON INDUSTRIES, INC.,
Realigned Defendant.

No. 2:92–CV–111.

United States District Court,
W.D. Michigan,
Northern Division.

July 16, 1996.

Carole D. Bos, Bos & Glazier, Grand Rapids, MI, John D. Frumer, Kilgore, Martin & Frumer, Boston, MA, for Commercial Union Insurance Co.

James K. O'Brien, Dean & Fulkerson, P.C., Troy, MI, James P. Schaller, Jackson & Campbell, P.C., Washington, DC, for American Home Assurance Co., Lexington Insurance Company, New Hampshire Insurance Co.

Keith A. Vander Weyden, Allaben, Massie, Vander Weyden & Timmer, Grand Rapids, MI, John G. McAndrews, Mendes & Mount, New York City, for CNA Reinsurance of London Limited, Compagnie D'Assurances Maritimes Aeriennes & Terrestres Societe Anonyme (C.A.M.A.T.), Compagnie Europpeenne D'Assurances Industrielles S.A., The Dominion Insurance Company Limited, Folksam International Insurance Company (U.K.) Limited, Lloyd's Syndicate No. 56, Lloyd's Syndicate No. 109, Lloyd's Syndicate No. 210, Lloyd's Syndicate No. 219, Lloyd's Syndicate No. 278, Lloyd's Syndicate No. 279, Lloyd's Syndicate No. 342, Lloyd's Syndicate No. 474, Lloyd's Syndicate No. 553, Lloyd's Syndicate No. 618, Lloyd's Syndicate No. 918, Lloyd's Syndicate No. 989, St. Katherine Insurance Company Limited, Sovereign Marine & General Insurance Company Limited, Sovereign Marine & General Insurance Company Ltd. H.D.N. A/C, Sovereign Marine & General Insurance Co. Ltd. "C" A/C, Storebrand Insurance Company, Stronghold Insurance Company, Taisho Marine & Fire Insurance Company (UK) Limited, Tokio Marine & Fire Insurance Company (UK) Limited, Turegum Insurance Company, "Winterthur" Swiss Insurance Company, Allianz International Insurance Company Limited, Ancon Insurance Company (U.K.) Limited, British National Life Insurance Society Limited, British National Insurance Company Limited, Lloyd's Syndicate No. 948.

Michael D. Wade, Bremer, Wade, Nelson, Lohr & Corey, Grand Rapids, MI, Margaret H. Warner, Carr, Goodson & Lee, P.C., Washington, DC, for Continental Insurance Company.

Harold E. Fischer, Jr., Early, Lennon, Peters & Crocker, P.C., Kalamazoo, MI, for First State Insurance Company.

Arthur F. Brandt, Bollinger, Ruberry & Garvey, Chicago, IL, for Gerling Global General Insurance Company.

Priscilla Scull Burnham, Finkbeiner & Burnham, P.C., Marquette, MI, for Kansa General Insurance Company, Kansa General International Insurance Company, Ltd.

James R. Nelson, Nelson & Kreuger, P.C., Grand Rapids, MI, V. Thomas Clark, Jr., Crawford & Lewis, Baton Rouge, LA, for Ludgate Insurance Company.

Stephen M. Kelley, Timothy James Clarke, Kelley, Casey & Clarke, P.C., Detroit, MI, for St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company.

Keith A. Vander Weyden, Allaben, Massie, Vander Weyden & Timmer, Grand Rapids, MI, for (UK) Limited, "Doe Insurance Companies", Assicurazioni Generali, Di Trieste E. Venezia.

Francis H. Porretta, Harvey, Kruse, Westen & Milan, P.C., Troy, MI, for Scottish & York Insurance Company Limited.

Stephen Brown, Plunkett & Cooney, P.C., Detroit, MI, for Aetna Casualty & Surety Company of America.

Lynn L. Lower, Cheatham, Acker & Sharp, P.C., West Bloomfield, MI, for Affiliated FM Insurance Company.

Reynolds A. Brander, Jr., Cholette, Perkins & Buchanan, Grand Rapids, MI, Geoffrey James Alexander, Mark Albert Welge, Manta & Welge, Philadelphia, PA, for Allstate Insurance Company of Canada.

Elizabeth Anne Downey, Downey, Hildinger & Sosin, P.C., Southfield, MI, for Atlanta International Insurance Company.

Daniel C. Symonds, David B. Klein, Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, Detroit, MI, for Bituminous Casualty Corporation.

Michael G. Vartanian, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for Canadian Indemnity Company, Dominion of Canada General Insurance Company.

Mark S. Allard, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Frederick J. Dindoffer, Bodman, Longley & Dahling, Detroit, MI, Gale Reddie Lea, Jackson & Kelly, Charleston, WV, Wondie Russell, Heller, Ehrman, White & McAuliffe, San Francisco, CA, for Cannelton Industries, Inc.

## OPINION

QUIST, District Judge.

On June 30, 1995, Cannelton Industries, Inc. ("Cannelton") filed a motion for leave to supplement and amend its counterclaims. Cannelton sought permission to add two additional counts to its counterclaim: conspiracy to misrepresent or conceal facts (Count II) and equitable estoppel (Count III). Pursuant to these counts, Cannelton asserts that the insurers should be estopped from relying upon the pollution exclusion to deny coverage. In an Order dated October 27, 1995, this Court granted Cannelton's motion for leave to amend.

This matter is presently before the Court on Certain Plaintiffs'[1] Motion to Dismiss Defendant Cannelton's Amended Counterclaims or, in the alternative, Motion for Partial Summary Judgment (docket no. 354). Certain Plaintiffs seek to have Counts II and III of Cannelton's Counterclaims dismissed. Aetna USA[2], Atlanta International, and Commercial Union,[3] filed joinders in support of Certain Plaintiffs' motions. Dominion of Canada General also filed a motion to dismiss and/or for summary judgment.

### Cannelton's Counterclaims

In support of its counterclaims, Cannelton explains that in the early 1970's, insurance industry trade associations sought regulatory approval from states for a pollution exclusion endorsement. The endorsement, drafted by the Insurance Rating Board ("IRB") and the

---

1. The motion was filed on behalf of the following parties: Affiliated FM Insurance Company, Allstate Insurance Company of Canada, American Home Assurance Company, Bituminous Casualty Corporation, Continental Insurance Company, First State Insurance Company, Gerling Global General Insurance Company, Lexington Insurance Company, and New Hampshire Insurance Company.

2. Aetna USA does not join in argument I set forth in Certain Plaintiffs' memorandum regarding choice of law. Aetna USA asserts that Ontario law should be applied to its excess indemnity insurance policy at issue in this litigation.

3. Commercial Union has filed a qualified joinder. Commercial Union has not directly joined in the motion because Cannelton has not alleged the amendments to its counterclaim as to Commer-

Mutual Insurance Rating Bureau ("MIRB"),[4] stated in part:

> This insurance does not apply ... to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

Cannelton asserts that when the IRB and MIRB sought approval of this endorsement from the state insurance commissioners, they represented that the exclusion simply clarified the existing situation where coverage for pollution was usually not provided because the damage was expected or intended and, therefore, excluded by the definition of an occurrence. The insurers allegedly explained that pursuant to this new endorsement, coverage would be continued for pollution which resulted from an unintentional "accident." Cannelton argues that the insurers offered the proposed endorsement as a mere clarification of existing "occurrence" coverage so that they could avoid a reduction in premiums which would have accompanied such a broad restriction on pollution coverage.

Cannelton claims that the insurers are now "singing a different tune." The insurers now claim that the 1970 pollution endorsement unambiguously bars coverage for almost all pollution liability other than abrupt events. Cannelton claims that the pollution exclusion clause espoused by the insurers in this case cannot be reconciled with the explanations provided to state regulators in the 1970's. To support its position, Cannelton relies extensively upon *Morton Int'l, Inc. v. General Accident Ins. Co.*, 134 N.J. 1, 629 A.2d 831 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2764, 129 L.Ed.2d 878 (1994), in which the New Jersey Supreme Court accepted estoppel as an appropriate remedy where an insurer misrepresented the effect of the pollution exclusion clause to the New Jersey Department of Insurance.

### Insurers' Position

Certain Plaintiffs argue that Counts II and III of Cannelton's Counterclaim should be dismissed because: (1) they fail to state a claim upon which relief can be granted under Michigan law; (2) they fail to allege essential elements of the causes of action; and (3) they are time-barred. Their alternate motion for summary judgment is based upon the argument that there are no genuine issues of fact. According to Certain Plaintiffs, the Michigan insurance regulators were not misled when they processed the insurers' filing of the pollution exclusion.[5] Certain Plaintiffs have submitted the affidavits of Michigan insurance regulators to support the contention that insurance regulators were not misled by the pollution exclusion filings.[6] Certain Plaintiffs also argue that since the *Morton* decision was issued, no court has adopted the

---

cial Union. Commercial Union is "supportive" of Certain Plaintiffs' Motion.

**4.** These insurance rating organizations were composed of insurance industry representatives.

**5.** Dominion of Canada General argues that counts II and III of Cannelton's amended counterclaims are inapplicable to Dominion and must be dismissed. Dominion asserts that no representations regarding the pollution exclusion endorsement were made to the Michigan Commissioner of Insurance on behalf of Dominion.

**6.** For example, the affidavit of William H. Larsen, former Michigan Rates and Forms Director, states:

> The 1970 contamination or pollution exclusion, the manual rule and the accompanying explanations are not misleading in any way. The filing documents reflect matters of common sense and common knowledge to me. Under the exclusion, the insurers wanted to clarify the fact that most contamination or pollution damage was not covered under the occurrence definition, since it was reasonably expected or intended. In addition, the insurers wanted to restrict coverage and not cover gradual damage which may not even have been expected or intended. After careful consideration, the Bureau approved the exclusion, which was viewed as not having an adverse impact on the public interest in 1970.
> Larsen dep. at ¶ 5.

factual assumptions or legal principles announced in that decision.

### Choice of Law

See this Court's Order regarding choice of law dated April 10, 1996.

### Discussion

 In its April 10, 1996, Order, this Court held that the words "sudden" and "accidental" contained in the pollution exclusion clause are not ambiguous under Michigan law. This Court has concluded that under Ontario law, the "sudden and accidental" language would also be interpreted as unambiguous.[7] Because the policy language is unambiguous, this Court will not accept Cannelton's invitation to go behind the face of the policy and examine its drafting history. *See Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 371–73 (6th Cir.1995). Pursuant to Michigan law, when a policy is clear and unambiguous there is no need for a court to resort to extrinsic evidence in order to ascertain the meaning of the exclusion. *Allstate Ins. Co. v. Freeman*, 432 Mich. 656, 712, 443 N.W.2d 734 (1989).

Furthermore, this Court notes that in *Upjohn Co. v. New Hampshire Ins. Co.*, 438 Mich. 197, 476 N.W.2d 392 (1991), the Michigan Supreme Court refused to look to the drafting history when interpreting the language of the pollution exclusion clause. *Upjohn*, 438 Mich. at 205–6 n. 6, 476 N.W.2d 392. The Court also rejected dissenting Justice Levin's interpretation of the drafting history. The majority insisted that Justice Levin had used "selected portions of the drafting history to support his conclusion that the pollution-exclusion clause was intended merely as a clarification of existing coverage." *Id.* at 206 n. 6, 476 N.W.2d 392.

This Court is mindful of the numerous courts which have rejected application of the equitable estoppel doctrine. *See, e.g., Feder-*

*ated Mut. Ins. Co. v. Botkin Grain Co.*, 64 F.3d 537, 541 (10th Cir.1995) ("[t]he pollution exclusion is clear and unambiguous, therefore we must ascertain the intent of the parties according to the plain language of the policy and cannot consider the extrinsic evidence of the representations made to the Kansas Insurance Commissioner."); *Anderson v. Minnesota Ins. Guar. Assoc.*, 534 N.W.2d 706 (Minn.1995), *reh'g denied*, (1995); *Linemaster Switch Corp. v. Aetna Life and Cas. Corp.*, 1995 WL 462270 (Conn.Super.Ct., July 25, 1995).

Accordingly, Certain Plaintiffs' Motion to Dismiss Cannelton's Amended Counterclaims and/or for Summary Judgment and the joinders to this Motion will be granted.

### ORDER

In accordance with the Opinion entered this date,

**IT IS HEREBY ORDERED** that Certain Plaintiffs' Motion to Dismiss Defendant Cannelton's Amended Counterclaims or, in the Alternative, Motion for Partial Summary Judgment (docket no. 354) is GRANTED as are all joinders to that motion (docket nos. 355, 357, 360, 363, 367).

**IT IS FURTHER ORDERED** that Cannelton is barred from pursuing discovery on these issues. Any discovery regarding these defenses will not lead to any relevant facts admissible in evidence.

---

7. *See BP of Canada v. Comco Service Station Construction and Maintenance Ltd.*, 73 Ont. Rpts.2d 317 (Ont.H.Ct.J.1990).